**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RIA R SQUARED, INC.,

*Plaintiff,*

v.

SHINHAN SECURITIES CO., LTD.,

*Defendant.*

Case No. 26-cv-06748-DLC

____________________________________/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO TRANSFER VENUE**

Defendant, Shinhan Securities Co., Ltd. ("**Defendant**"), respectfully files this *Defendant's Response to Plaintiff's Motion to Transfer Venue* (the "**Response**") regarding RIA R Squared, Inc.'s ("**Plaintiff**") *Notice of Motion to Transfer Venue* [Docket No. 3] (the "**Motion**") and *Memorandum of Law in Support of RIA R Squared, Inc.'s Motion to Transfer Venue* [Docket No. 4] (collectively, with the Motion, the "**Motion to Transfer Venue**") and states as follows:

1. By its *Notice of Removal Pursuant to 28 U.S.C. § 1452(A) and Fed. R. Bankr. P. 9027* [Docket No. 1] (the "**Notice of Removal**") of the state court breach of contract and tort action Plaintiff commenced in New York Supreme Court, Commercial Division in 2024 (the "**State Court Action**") and its Motion to Transfer Venue from this Court to the United States Bankruptcy Court for the Southern District of Florida (the "**Florida Bankruptcy Court**"), Plaintiff now seeks to have the Florida Bankruptcy Court hear and adjudicate the State Court Action.

2. Shinhan takes no position with respect to the pending Motion to Transfer Venue. However, Shinhan expressly reserves, and does not waive, any and all rights, claims, defenses, and arguments, including without limitation, its rights and arguments with respect to: (a) remand; (b) subject-matter jurisdiction; (c) the constitutional authority of any bankruptcy court to hear,

determine, or enter final orders or judgment with respect to any or all of the claims, causes of action, or proceedings at issue; (d) venue; (e) transfer of venue; (f) the right to adjudication of any and all claims by a court established under Article III of the United States Constitution, which right is not waived; (g) the right to a jury trial on any and all claims so triable, which right is not waived; and (h) consent to the jurisdiction or constitutional authority of any bankruptcy court to enter final orders or judgment, which consent is not given. As a general matter, by taking no position on the Motion to Transfer Venue, Defendant does not concede there is any basis to the jurisdiction of the Florida Bankruptcy Court or any federal court to adjudicate this matter.

Dated: August 27, 2026
New York, New York

By: *<u>/s/ Laura Garr</u>*

**WHITE & CASE LLP**
Laura Garr
Andrew Zatz
1221 Avenue of the Americas
New York, NY 10020
Telephone: 212-819-8200
Facsimile: 212-354-8113
Email: laura.garr@whitecase.com
andrew.zatz@whitecase.com

*Counsel for Shinhan Securities Co., Ltd.*